TRINETTE G. KENT (State Bar No. 222020)
KENT LAW OFFICES
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@kentlawpc.com

Of Counsel to:
Michigan Consumer Credit Lawyers
22142 West Nine Mile Road
Southfield, MI 48033
Telephone: (248) 353-2882
Facsimile: (248) 353-4840

*Attorneys for Plaintiff,*
*Margaret Loyd*

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Margaret Loyd, | Case No.: **'17 CV 336   CAB JLB** |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Experian Information Solutions, Inc., an Ohio corporation, and R.M. Galicia, Inc. dba Progressive Management Systems, a California corporation. | **JURY TRIAL DEMAND** |
| Defendants. | |

1

NOW COMES THE PLAINTIFF, MARGARET LOYD, BY AND THROUGH COUNSEL, TRINETTE G. KENT, and for her Complaint against the Defendants, pleads as follows:

## JURISDICTION

1. Jurisdiction of this court arises under the Fair Credit Reporting Act ("FCRA") 15 U.S.C. §1681p; the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p; and 28 U.S.C. §§1331, 1337.

## VENUE

2. The transactions and occurrences which give rise to this action occurred in the City of El Cajon, San Diego County, California.

3. Venue is proper in the Southern District of California, San Diego Division.

## PARTIES

4. The Defendants to this lawsuit are:

   a. Experian Information Solutions, Inc. ("Experian"), which is an Ohio corporation that maintains a registered agent in Los Angeles County, California; and

   b. R.M. Galicia, Inc. dba Progressive Management Systems, which is a California corporation that maintains its offices in Los Angeles County, California.

## GENERAL ALLEGATIONS

5. Defendant Progressive Management Systems is attempting to collect a consumer type debt allegedly owed to Ms. Lloyd to Sharp Memorial Hospital in the amount of $1,135.00 with account number 23624401 (the alleged "Debt/Errant Trade Line").

6. On or about December 19, 2016, Ms. Loyd obtained her credit files and noticed that Defendant reported the alleged Debt/Errant Trade Line as disputed.

7. Ms. Loyd no longer disputed the Errant Trade Line/alleged Debt, so on or about December 30, 2016, Ms. Loyd submitted a letter to Experian, stating that she no longer disputed the Errant Trade Line. She requested that the disputed language be removed from the Errant Trade Line.

8. Ms. Loyd did not send any other dispute letters to Experian since the December 30, 2016 dispute letter referenced above.

9. On or about January 20, 2017, Ms. Loyd received Experian's investigation results, which showed that Progressive Management Systems retained the disputed language on the Errant Trade Line.

10. As a direct and proximate cause of the Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, Plaintiff has suffered credit and emotional damages. Due to the Defendants' failure to correct the errors in her credit file, Plaintiff has been forced to refrain

from applying for new credit or more favorable terms on existing credit lines. Plaintiff has also experienced undue stress and anxiety due to Defendants' failure to correct the errors in her credit file or improve her financial situation by obtaining new or more favorable credit terms as a result of the Defendants' violations of the FCRA.

## COUNT I

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT BY PROGRESSIVE MANAGEMENT SYSTEMS

11. Plaintiff realleges the above paragraphs as if recited verbatim.

12. At all relevant times, Defendant Progressive Management Systems, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

13. Plaintiff is a "Consumer" pursuant to the FDCPA, and the account at issue is a consumer debt.

14. Defendant Progressive Management Systems is a "debt collector" pursuant to the FDCPA, 15 U.S.C. §1692a(6).

15. Defendant Progressive Management Systems' foregoing acts in attempting to collect the alleged debt violated the following provisions of the FDCPA:

4

a. 15 U.S.C. §1692e2(A) by misrepresenting the character, amount, or legal status of any debt. Defendant Progressive Management Systems did this when it failed to remove the disputed status from its Errant Trade Line; and

b. 15 U.S.C. §1692e(10) by using false representations to collect or attempt to collect any debt. Defendant Progressive Management Systems did this when it failed to remove the disputed status from its Errant Trade Line.

16. Plaintiff has suffered economic, emotional, general, and statutory damages as a result of these violations of the FDCPA.

**WHEREFORE**, **PLAINTIFF PRAYS** that this court grant him a judgment against Defendant for actual damages, costs, interest, and attorneys' fees.

## COUNT II

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY PROGRESSIVE MANAGEMENT SYSTEMS

17. Plaintiff realleges the above paragraphs as if recited verbatim.

18. After being informed by Experian of Ms. Loyd's consumer dispute that she wanted to remove the dispute language from the Errant Trade Line, Progressive Management Systems negligently failed to conduct a proper investigation of Ms. Loyd's dispute as required by 15 USC 1681s-2(b).

19. Progressive Management Systems negligently failed to review all relevant information available to it and provided by Experian in conducting its reinvestigation as required by 15 USC 1681s-2(b). Specifically, it failed to direct Experian to remove the dispute language from the Errant Trade Line.

20. The Errant Trade Line is inaccurate and creating a misleading impression on Ms. Loyd's consumer credit file with Experian to which it is reporting such trade line.

21. As a direct and proximate cause of Progressive Management Systems' negligent failure to perform its duties under the FCRA, Ms. Loyd has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

22. Progressive Management Systems is liable to Ms. Loyd by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

23. Ms. Loyd has a private right of action to assert claims against Progressive Management Systems arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant Progressive Management Systems for damages, costs, interest, and attorneys' fees.

### COUNT III

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY PROGRESSIVE MANAGEMENT SYSTEMS

24. Plaintiff realleges the above paragraphs as if recited verbatim.

25. After being informed by Experian that Ms. Loyd disputed the accuracy of the information it was providing, Progressive Management Systems willfully failed to conduct a proper reinvestigation of Ms. Loyd's dispute.

26. Progressive Management Systems willfully failed to review all relevant information available to it and provided by Experian as required by 15 USC 1681s-2(b).

27. As a direct and proximate cause of Progressive Management Systems' willful failure to perform its duties under the FCRA, Ms. Loyd has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

28. Progressive Management Systems is liable to Ms. Loyd for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and she may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant Progressive Management Systems for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT IV

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

29. Plaintiff realleges the above paragraphs as if recited verbatim.

30. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Ms. Loyd as that term is defined in 15 USC 1681a.

31. Such reports contained information about Ms Loyd that was false, misleading, and inaccurate.

32. Experian negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Ms. Loyd, in violation of 15 USC 1681e(b).

33. After receiving Ms. Loyd's consumer dispute to the Errant Trade Line, Experian negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

34. As a direct and proximate cause of Experian's negligent failure to perform its duties under the FCRA, Ms. Loyd has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

35. Experian is liable to Ms. Loyd by reason of its violation of the FCRA in an amount to be determined by the trier fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Experian for actual damages, costs, interest, and attorneys' fees.

## COUNT V

## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

36. Plaintiff realleges the above paragraphs as if recited verbatim.

37. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Ms. Loyd as that term is defined in 15 USC 1681a.

38. Such reports contained information about Ms. Loyd that was false, misleading, and inaccurate.

39. Experian willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Ms. Loyd, in violation of 15 USC 1681e(b).

40. After receiving Ms. Loyd's consumer dispute to the Errant Trade Line, Experian willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

41. As a direct and proximate cause of Experian's willful failure to perform its duties under the FCRA, Ms. Loyd has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

42. Experian is liable to Ms. Loyd by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Experian for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED: February 21, 2017

                                    KENT LAW OFFICES

                                    By:  */s/  Trinette G. Kent*
                                      Trinette G. Kent
                                      Attorneys for Plaintiff,
                                      Margaret Loyd